■ In the Matter of LONG ISLAND LIGHTING COMPANY, Appellant, v. LEONARD L. HORN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Respondents.— In a proceeding pursuant to article 78 of the CPLR, to review and annul a determination of the Zoning Board of Appeals of the Town of Huntington, which denied petitioner's application for a special use permit and variance to erect and maintain overhead electric transmission lines on steel towers in areas not zoned for such use, the petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered August 21, 1964 upon the court's decision, which dismissed the petition and affirmed the board's determination. Judgment reversed on the law, without costs, and proceeding remanded to the local Zoning Board of Appeals for the purpose of rendering a proper decision not inconsistent herewith. No questions of fact were considered. In our opinion, in its present form the decision of the board is tantamount to an exclusion of the utility from the

area. The board may not exclude the utility (*Matter of Consolidated Edison Co.* v. *Village of Briarcliff Manor*, 208 Misc. 295). The board must grant permission for the electric transmission lines, although it may attach to its approval whatever appropriate conditions it may deem to be necessary; in other words, the board may regulate but it cannot prohibit the installation of the transmission lines (*Matter of Consolidated Edison Co.* v. *Town of Rye*, 16 Misc 2d 284). It appears from the record that the board will grant approval on condition that the electric transmission lines be placed underground. But in its decision the board did not say so; nor did it make any findings which would support such a conclusion. The grant of a special permit on the condition that the transmission lines be placed underground lies within the discretionary power of the board. Hence, if in fact it is the board's intention to grant the approval on the condition stated, it is incumbent upon the board to so declare expressly and to set forth appropriate findings in support of its decision. Since we cannot rewrite the board's present decision, we are constrained to remand the proceeding to the board for the purpose of rendering a new decision in proper form which will enable us to pass upon the merits of the controversy in the event of a further appeal. In the interests of all parties we direct that the proceedings upon this remission be effectuated as quickly as possible. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.